IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP J. SHEFFIELD                                                                       PLAINTIFF

vs.                                         Civil No. 6:13-cv-06093

CAROLYN COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Phillip Sheffield ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed an application for disability benefits on February 14, 2011. (Tr. 10, 95-101). Plaintiff alleged he was disabled due to degenerative disc disease, prior heart attacks, diabetes, Crohn's disease, and neuropathy in hands and feet. (Tr. 118). Plaintiff alleged an onset date of September 23, 2009. (Tr. 118). This application was denied initially and again on reconsideration. (Tr. 37-38).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 48-49).

Plaintiff's administrative hearing was held on September 6, 2012. (Tr. 23-36). Plaintiff was present and represented by Hans Pullen at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old, and had a high school education. (Tr. 27).

On December 11, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status of the Act through March 31, 2015. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 23, 2009, his alleged onset date. (Tr. 12, Finding 2). Plaintiff did receive unemployment benefits from the third quarter of 2010 through the third quarter of 2011. *Id*

The ALJ determined Plaintiff had the severe impairments of coronary artery disease, history of Crohn's disease, non-insulin dependant diabetes with peripheral neuropathy and degenerative disc disease. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 5). The ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not fully credible. (Tr. 15). The ALJ also determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that

Plaintiff retained the RFC for the full range of sedentary work. (Tr. 13, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18). The ALJ found Plaintiff was able to perform his PRW as a security officer. (Tr. 17-18, Finding 6). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 23, 2009 through the date of the decision. (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 15, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 15, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred by not finding Plaintiff met a Listing, (2) the ALJ failed to consider his impairments in combination, (3) the ALJ erred in the treatment of medical opinions, and (4) the ALJ erred in his Step 4 analysis. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included coronary artery disease, history of Crohn's disease, non-insulin dependant diabetes with peripheral neuropathy and degenerative disc disease. (Tr. 12, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 1.02(a) for major dysfunction of a joint and Listing 4.02 for chronic heart failure. ECF No. 10, Pgs. 11-15. Defendant argues Plaintiff has failed

to establish he meets theses Listings. ECF No. 11, Pgs. 4-9.

    Impairments found under Listing 1.02(A) for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b, or Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A).

    An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c(2).

In this matter, Plaintiff has failed to establish he is unable to ambulate effectively or has inability to perform fine and gross movements effectively. Plaintiff has no evidence he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. In fact, the medical evidence showed Plaintiff had a normal examination finding with full motor strength, symmetrical reflexes, intact sensory functioning, and good range of motion in the hip and left knee. (Tr. 225, 249, 252-253, 258, 260, 265, 270, 272, 281, 283, 341). Also, on October 2, 2009, an MRI scan of Plaintiff's left knee revealed only mild degenerative changes (Tr. 266), and on June 29, 2011, x-rays of Plaintiff's knees, thoracic spine, and lumbar spine were normal. (Tr. 266, 312-313). Finally, Plaintiff had a General Physical Examination Dr. Paul Tucker on June 17, 2011. (Tr. 298-303). The exam revealed full range of motion in all joints; negative straight leg raising; intact reflexes in the arms and knees; normal gait and station; no evidence of muscle atrophy, sensory abnormalities, or joint abnormalities; and full limb function aside from some decreased grip strength in the left hand and trouble with squatting/arising from a squatting position. *Id.*

To meet listing 4.02, Plaintiff must prove he had systolic failure with ejection fraction of thirty percent or less during a period of stability and either: (1) persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom a medical consultant has concluded that an exercise test would present significant risk to the individual; (2) three or more separate episodes of acute congestive heart failure within a consecutive twelve-month period with evidence of fluid retention from clinical and imaging assessments at the time of the episodes; or (3) inability to perform on an exercise tolerance test at a workload equivalent of five METs or less.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02.  Although there is evidence in the record showing Plaintiff's left ventricle had an ejection fraction of thirty percent (Tr. 296), there is no evidence supporting the other needed findings to meet Listing 4.02.

To begin with, the record shows Plaintiff could engage in physical activities such as running, elliptical training, and abdominal crunches; and could perform activities of daily living such as doing light household chores, washing clothes, driving a car, shopping in stores, and attempting to care for his disabled wife. (Tr. 137-141, 221-222, 262).  Additionally, there is no evidence Plaintiff had three or more episodes of acute congestive heart failure within a consecutive twelve-month period or had an inability to perform on an exercise tolerance test at five MET or less.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination.  However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 12, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform sedentary work. (Tr. 13, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude him from performing his PRW. (Tr. 17-18, Finding 6).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged he suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. Evaluation of Medical Opinions

The ALJ bears the primary responsibility for making the RFC determination and for ensuring

there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform sedentary work. (Tr. 13, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of Dr. Mark Lefler who prepared a letter indicating Plaintiff was disabled. (Tr. 235). Defendant argues the ALJ considered the opinions of Dr. Lefler but gave them proper weight based on them being inconsistent with the evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On February 18, 2011, Dr. Lefler prepared a letter indicating Plaintiff was disabled due to his multiple medical conditions including degenerative disc disease, diabetes with neuropathy, history of

coronary artery disease, history of Crohn's disease, hyperlipidemia, hypertension, and gastroesophageal reflux disease. (Tr. 235). The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to the opinions of Dr. Lefler and he set forth several reasons in his analysis for doing so. (Tr. 16-17). The ALJ noted, Dr. Lefler's report was unsupported by medical findings; was internally inconsistent with his own records; and conflicted with other objective medical evidence and non-medical evidence of record. *Id.* The ALJ properly found Dr. Lefler's findings and examination were inconsistent with other evidence. As a result, the ALJ did not err in his treatment of Dr. Lefler's opinions.

### D. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform his PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform his PRW as a security officer. This Court finds the ALJ's determination that Plaintiff has the RFC to perform his PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See*

11

*Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 13, Finding 5). The ALJ went on to find Plaintiff's PRW as a security officer did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 17-18). As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision. (Tr. 18). Plaintiff argues the ALJ erred in his step four determination because the hypothetical question did not account for all of Plaintiff's limitations and the exertional requirements for Plaintiff's PRW exceeded his RFC.

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW as a security officer. (Tr. 34). In response, the VE testified Plaintiff's work as a security officer was sedentary. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform his PRW. (Tr. 34-35). In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform his PRW as a security officer. (Tr. 35). The VE also provided the Dictionary of Occupational Titles (DOT) number that corroborated her testimony. *See* Dictionary of Occupational Titles, 189.167-034 Security Officer, 1991 WL 671501 (1991) (noting the Strength requirement for security officer is "Sedentary Work").

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing his PRW as a security officer.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of August 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE